IIN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

NATHAN SECKER,

    Plaintiff,

v.                                                Case No. 3:24-cv-00630

EPIC SYSTEMS CORPORATION,

    Defendant.

**EPIC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION REQUESTING LEAVE TO FILE SUR-REPLY IN FURTHER SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff has filed a Motion requesting that this court grant it leave to file a sur-reply in support of his opposition to Epic's Motion for Summary judgment. (Dkt. 48.) Because sur-replies are generally disfavored, and there are no rare or extraordinary circumstances which permit a sur-reply, Secker's motion should be denied. Further, Secker has already violated the Court Rules by filing his proposed sur-reply brief before obtaining the Court's permission to do so. Accordingly, Epic respectfully requests that the Court deny Plaintiff's Motion for Leave to file a Sur-Reply Brief and strike Plaintiff's improper sur-reply from the record.

## **STANDARD**

The Preliminary Pretrial Packet notes that "A responding party shall *not* file a sur-reply without first obtaining permission from the court. The court only permits sur-replies in rare situations." *See* Preliminary Pretrial Packet in Cases Assigned to District

Judge William Conley (the "Court Rules",) at 6 (emphasis in original). "Sur-replies generally are disfavored," *Gomez v. V. Marchese & Co.*, Case No. 20-cv-1802, 2023 U.S. Dist. LEXIS 105741, 2023 WL 4059090, at *8 (E.D. Wis. June 19, 2023) (citation omitted). Courts grant leave to file them "only rarely." Id. (quoting *Groshek v. Time Warner Cable, Inc.*, Case No. 15-cv-157, 2016 U.S. Dist. LEXIS 104952, 2016 WL 4203506, at *4 (E.D. Wis. 2015), aff'd 865 F.3d 884 (7th Cir. 2017)).

## ARGUMENT

**I.   This is not a Rare Situation, but A Predictable Situation of the Plaintiff's Own Making.**

Plaintiff submits that this is a rare situation requiring a sur-reply, based on Epic having filed a Motion for Summary Judgment prior to deposing Dr. Stoddard. Then, Plaintiff argues, Epic relied on Dr. Stoddard's report and testimony "selectively" in support of its Motion for Summary Judgement, in reply. Aside from it being normative that an opposing party points out the deficiencies in the opposing expert's report and testimony, Plaintiff omits from his motion key facts. Plaintiff chose not to disclose an expert-in-chief by the June 2, 2025, deadline. (Dkt. 9.) Rather, only after Epic disclosed its experts, on July 11, 2025, Plaintiff sought leave to amend the scheduling order to permit him to disclose a rebuttal expert. The Court granted Plaintiff's motion but noted Epic's concerns that Plaintiff was attempting to subvert the scheduling order by introducing an expert-in-chief rather than a true rebuttal expert. (Dkt. 24.) The Court cautioned Plaintiff that his expert would be permitted only as a true rebuttal expert and then further imposed the condition that Plaintiff make its expert available for

2

deposition sufficiently far in advance of Epic's reply to summary judgment to permit Epic to address Dr. Stoddard's report in its reply. (Dkt. 24.) The Court did not indicate that Plaintiff would be permitted an opportunity to file a sur-reply. (Dkt. 24.) Plaintiff had Dr. Stoddard's report available to him at the time he filed his response to Epic's Motion for Summary Judgment and could have but chose not to cite to or discuss Dr. Stoddard's report in response to Epic's arguments and proposed findings of fact (more than a minimally). *See* (Dkt. 42, at 3); (Dkt. 43, DPFOF ¶ 30.)

Plaintiff created the circumstances that he now contends are rare and from which he requests relief to file a sur-reply. Had Plaintiff disclosed an expert on June 2, 2025 (or indeed, any time prior to the dispositive motion deadline), Epic would have had access to Plaintiff's report, and Plaintiff's expert would not have been limited in scope to rebuttal. Plaintiff cannot now second guess his litigation strategy and request relief from his own actions claiming they created "rare circumstances." Further, Epic argued in its Reply in Support of its Motion for Summary Judgment that Plaintiff failed to introduce its own proposed findings of fact and further relied only minimally upon Dr. Stoddard's report. (Dkt. 42.) It is unlikely to be a coincidence that Plaintiff now seeks both to file a sur-reply brief and file its own proposed findings of fact, claiming that the latter were not filed by mistake. (Dkt. 47 and 48.) Plaintiff repeatedly asserts that it was not required to file Proposed Findings of Fact. (Dkt. 47 ¶¶ 3-5.) While technically true, Plaintiff was required to file his own proposed findings of fact to the extent he wished to submit additional facts as context which were not directly responsive to Defendant's Proposed Findings of Fact. Court Rules p. 5, ¶ 5 ("If a responding party believes that

3

more facts are necessary to tell its story, it should include them in its own proposed facts, as discussed in II.B.") and p. 9 ("[a]ll facts necessary to sustain a party's position on a motion for summary judgment must be explicitly proposed as findings of fact.")

Nonetheless, as noted in Epic's Reply to Plaintiff's Responses to Defendant's Proposed Findings of Fact, Plaintiff's responses routinely exceeded the scope of Defendant's Proposed Findings of Fact, and Plaintiff did not cite once to its own Proposed Findings of Fact in his responsive brief (or file them). (Dkt. 43.) In contrast, as Plaintiff points out in his own Motion, Defendant has acted with diligence to adhere to the deadlines and procedures set by this Court—when needed, Epic sought leave in advance of deadlines seeking only a short extension due to circumstances outside its control. (Dkt. 48 ¶ 4-6.)

## II.     Plaintiff's Sur-Reply Would Not Contribute to a "Complete Record."

Plaintiff's primary argument in favor of its motion is that Epic only selectively cited

portions of Plaintiff's expert report and testimony and that the Court would benefit from a fully briefed record. This argument is false and should be rejected. Dr. Stoddard's report is already on file. Further, Plaintiff has already had the opportunity to respond fully to Epic's Summary Judgment Motion and Brief, including Epic's undue hardship arguments with all of Epic's witnesses having been deposed and having Dr. Stoddard's report in hand at the time Plaintiff filed his response. Epic argued in its initial brief in support of its Motion for Summary Judgment (filed before Dr. Stoddard's report was disclosed) that Epic relied in good faith on existing public health authorities

4

and guidance and limited the opinions of its experts to the time period of August to October 1, 2021, the time leading up to the implementation of its vaccination mandate and Secker's termination. (Dkt. 20 at 1, 7, 13-16.) However, as illustrated in Epic's Motion to Strike the Expert Report of Dr. Jeffrey J. Stoddard, Dr. Stoddard's report did not limit its opinions to such information, nor did Plaintiff's response address Epic's argument concerning its good faith reliance on existing public health information and guidance. (Dkt._51-52.) Rather, Plaintiff spent much of its argument claiming that Epic mistook Secker for a "traditional healthcare worker" and that other safety measures were available that were as effective as vaccination (an argument it repeats in its proposed sur-reply) — Plaintiff did not address Epic's argument regarding its good faith reliance upon existing public health information and guidance. (Dkt. 31.) Permitting Plaintiff to address this argument now in a sur-reply would be improper and prejudicial. *See e.g.*, *Veasey v. City of Rock Island Mayor*, No. 4:23-cv-04143-SLD, 2025 U.S. Dist. LEXIS 58125 *4-5 (C.D. Ill. Mar. 28, 2025) (denying motion for leave to file sur-reply where Plaintiff's arguments were repetitive of response brief and no new arguments were raised by Defendants on reply); *Franklin Elec. Co. v. Circuit Eng'g LLC*, No. 1:21-cv-00075-SLC, 2021 U.S. Dist. LEXIS 146841 *3-4 (denying motion for leave to file sur-reply where argument to sought to respond to in sur-reply was raised by movant in its initial brief).

    Plaintiff does not identify any novel arguments raised by Epic only in its reply (nor could he) and claims only to "rebut arguments on health and safety." Plaintiff already had a full opportunity to do just that in its Response to Epic's Motion for

5

Summary Judgment. Epic will not respond specifically to each of the proposed arguments of Plaintiff's sur-reply, improperly before the Court, but reserves its right to do so, should the Court permit a sur-reply. However, all of the arguments advanced by Plaintiff in the sur-reply could have been raised in its initial response and Plaintiff's motion offers no explanation related to arguments made by Defendant (other than the timing of Dr. Stoddard's deposition) as to why a sur-reply is necessary. Plaintiff also does not attempt to provide context for the accurately cited testimony of Dr. Stoddard in Epic's reply, which would be a more arguable basis for a sur-reply. Rather, they cite to other portions of Dr. Stoddard's deposition to advance the same repeated arguments already made in response, as outlined above, or advance entirely new arguments or arguments they failed to raise in response (such as arguing against Epic's good faith reliance on existing public health information and guidance).

None of the reasons advanced by Plaintiff in his motion justify a sur-reply, and the "unique" procedural posture of this case, entirely of the Plaintiff's making, weighs strongly against permitting a sur-reply. The Court's precise procedures for summary judgment have already accounted for the relief that Plaintiff now seeks. Each party was to support its position by appropriate citation to legal and factual (proposed findings of fact supported by citation to admissible evidence) authority. To the extent Epic or Plaintiff have made arguments or factual assertions that are not supported by appropriate factual or legal authority, the Court is in the best position to resolve such disputes. What Plaintiff cannot do is seek additional litigation advantage by unnecessarily altering the Court's clearly defined procedures or seek relief from his

own litigation strategy. Plaintiff's Motion for Leave to File a Sur-Reply should be denied.

## CONCLUSION

For all the reasons set forth herein, and to promote the just, speedy and inexpensive determination of this action consistent with Fed. R. Civ. P. 1, Epic respectfully requests that this Court deny Plaintiff's Motion for Leave to File a Sur-Reply and Strike his improper Sur-Reply from the record.

Dated this 22nd day of September 2025.

**MICHAEL BEST & FRIEDRICH LLP**
Attorneys for Defendant
Epic Systems Corporation


By: */s/Amy O. Bruchs*
    Amy O. Bruchs
    Kurt F. Ellison

MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
Madison, WI 53703
Phone: 608.257.3501
Fax: 608.283.2275
aobruchs@michaelbest.com
kfellison@michaelbest.com